IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA

vs.

KETNER

CARL STARR
Movant-Intervenor.

MOVANT-INTERVENOR' MOTION FOR LEAVE TO FILE MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF BEING HEARD IN CONNECTION WITH ACCESS TO CERTAIN PORTIONS OF THE RECORD AND HEARINGS AND MEMORANDUM IN SUPPORT

COMES NOW the Intervenor and asks the court for permission to file Intervenors Motion to

Intervene for the limited purpose of being heard in connection with access to certain

portions of the record and hearings and Memorandum in support.

Respectfully submitted,

*[signature] 3-26-08*

Carl Starr, PO Box 1561, El Paso, Texas 79948 email: starrcarl@yahoo.com

I certify under penalty of perjury that the foregoing is true to the best of knowledge.

*[signature] 3-26-08*

CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing has been mailed/hand delivered to the U.S. Attorney on this 26th day of March 2008, no attorneys of record are listed in Pacer for defendants 1-7 thus service is made on the defendants c/o of the U.S. Attorney as the defendants are believed to be under the Governments custody /control as to their whereabouts.

*[signature] 3-26-08*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

3:06-cr-01369-FM-1-7

UNITED STATES OF AMERICA

KETNER

CARL STARR
Movant-Intervenor.

## ORDER

The Court having considered the Intervenors motion for leave hereby orders the clerk to file stamp the Intervenors Motion to Intervene and Memorandum in support.

Date_____

Judge_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

3:06-cr-01369-FM-1-7

UNITED STATES OF AMERICA

vs.

KETNER

CARL STARR
Movant-Intervenor.

MOVANT-INTERVENOR' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF BEING HEARD IN CONNECTION WITH ACCESS TO CERTAIN PORTIONS OF THE RECORD AND HEARINGS AND MEMORANDUM IN SUPPORT

Comes now Movant-Intervenor Carl Starr who is a civil rights activist and a member of the public, and for his motion for leave to intervene in this proceeding for the limited purpose of being heard in connection with access to certain portions of the record and hearings, and for his memorandum in support thereof, respectfully states:

1. This is a criminal prosecution instituted by the United States against Travis Ketner, Betti Flores, Ray Telles, Chris Pak, Carlos Cordova, Bernardo Lucero Jr, Bobby Ruiz in connection with a FBI-U.S. Attorney corruption investigation, all styled as USA v Ketner. The Intervenor attempted to conference with the U.S. Attorney via email before filing this motion, the U.S. Attorney did not reply as of hour of filing. Defendants whereabouts and counsel if any are unknown.

2. The level of public interest in and concern with the substantial issues regarding corruption and administration of justice presented by the case cannot be overstated.

3. For the reasons set forth more fully in the memorandum accompanying the Intervenors' contemporaneous motion for access to certain portions of the record and hearings herein, he respectfully submits that the sealing of certain portions of the record in this action does not

strike the correct balance between the government's legitimate law enforcement and the public's First Amendment and common law rights of access to judicial records/hearings.

4. Intervention is the appropriate vehicle for members of the public to vindicate their access rights in the context of criminal proceedings. See, e.g., In re Washington Post Co., 807 F.2d 383 (4th Cir. 1986). As the Supreme Court has emphasized, persons moving to intervene in these circumstances must be afforded a prompt and full hearing on such a motion. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982) (public "'must be given an opportunity to be heard'" on questions relating to access).

Because the premises for this motion are fully set forth herein, Intervenor has not filed a separate memorandum. WHEREFORE, Intervenor respectfully requests that the Court enter an order granting their motion for leave to intervene for the limited purpose stated herein.

Respectfully submitted, *[signature]* 3-26-08
Carl Starr, PO Box 1561, El Paso, Texas 79948 email: starrcarl@yahoo.com

I certify under penalty of perjury that the foregoing is true to the best of my knowledge. *[signature]* 3-26-08

CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing has been mailed/hand delivered to the U.S. Attorney on this 26th day of March 2008, no attorneys of record are listed in Pacer for defendants 1-7 thus service is made on the defendants c/o of the U.S. Attorney as the defendants are believed to be under the Governments custody /control as to their whereabouts. *[signature]* 3-26-08

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

3:06-cr-01369-FM-1-7

UNITED STATES OF AMERICA

vs.

KETNER

CARL STARR
Movant-Intervenor.

MOVANT-INTERVENOR' MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
FOR ACCESS TO CERTAIN PORTIONS OF THE RECORD AND HEARINGS

Carl Starr respectfully submits this memorandum of law in support of his motion for access to certain portions of the record/hearings herein.

### INTRODUCTION

The Intervenor seeks access to pleadings filed in this action that have been sealed without notice to the public and without an opportunity for the public to be heard in connection with their sealing. Specifically, the Intervenor moves to unseal, and for the opportunity to be heard in connection with his Motion to unseal pleadings related to plea agreements of all defendants albeit it is unclear from the public docket how many pleadings relate to that issue, it is clear that several remain sealed. In addition, the Intervenor seeks access to or a publicly filed judicial determination as to the propriety of the continued sealing of pleadings. Also, it appears from the docket that numerous other pleadings remain sealed, without notice and an opportunity for the public to be heard as to their sealing. The Intervenor seeks access to these pleadings or a publicly filed judicial determination as to the appropriateness of their continued sealing as well. The Intervenor seeks the same as to hearings being conducted in secret with the public excluded. See http://elpasotimes.com/news/ci_8619686

The Intervenor has now moved to intervene for the purpose of vindicating the public's rights of access to hearings and to the sealed pleadings currently filed under seal.

### ARGUMENT

#### I. THE FIRST AMENDMENT AND THE COMMON LAW AFFORD A PRESUMPTIVE RIGHT OF ACCESS TO THE PLEADINGS AT ISSUE

5. The First Amendment affords the public and press a presumptive right of access to criminal trials, and this right extends as well to the record, including pre-trial motions and related papers filed in such proceedings. As the Supreme Court has explained: The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that anyone is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system. Press Enter. Co. v. Superior Ct., 464 U.S. 501, 508 (1984). Closed proceedings and records, in contrast, inhibit

the "crucial prophylactic aspects of the administration of justice" and lead to distrust of the judicial system if, for example, the outcome is unexpected and the reasons for it are hidden from public view. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 571 (1980).

6. The First Amendment, as well as the common law, impose specific procedural requirements on a district court whenever it considers sealing a record or closing a courtroom: First, the district court must give the public adequate notice that the sealing of documents may be ordered. Second, the district court must provide interested persons "an opportunity to object to the request before the court makes its decision." Third, if the district court decides to close a hearing or seal documents, "it must state its reasons on the record, supported by specific findings." Finally, the court must state its reasons for rejecting alternatives to secrecy. Rushford v. New Yorker Magazine, Inc. 846 F.2d 249(4th Cir. 1988) citing and quoting In re Knight Publ'g Co., 743 F.2d 231, 234-35 (4th Cir. 1984)); accord In re Charlotte Observer, 882 F.2d 850 (4th Cir. 1989); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178 (4th Cir. 1988); In re Washington Post Co., 807 F.2d 383 (1986).

7. Assuming that the constitutionally mandated procedural prerequisites for closure or sealing are met, the public's First Amendment-based right of access to a judicial proceeding or the record it generates may be denied only where the court finds "a compelling government interest" in secrecy and where the remedy afforded is "narrowly tailored to serve that interest." Rushford, 846 F.2d at 253. Put differently, access to judicial proceedings and the record therein may be prohibited consistent with the First Amendment "only if (1) closure [or sealing] serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of closure [or sealing], that compelling interest would be harmed; and (3) there are no alternatives to closure [or sealing] that would adequately protect that compelling interest." In re Washington Post Co., 807 F.2d at 392(applying standards for closing courtroom to sealing of record). "Moreover, the court may not base its decision on conclusory assertions alone, but must make specific factual findings." Id. at 392; see also Ashcraft v. Conoco, Inc., 218 F.3d 288(2000) (holding that failure, inter alia, to "identify any specific reasons or recite any factual findings justifying . . . decision to override the public's right of access" rendered invalid an order sealing); see also In re Time Inc., 182 F.3d 270 (1999) (where intervenors have moved for access to sealed documents, court is obliged to conduct in camera review of them and cannot order that they remain under seal without reviewing them); In re Motions of Dow Jones & Co., 142 F.3d 496(1998) (approving trial court's decision to proceed "by redacting documents" for release to public in case involving proceedings ancillary to grand jury investigation that were required, in part, to remain under seal).

## II. THE PRESUMPTIVE SEALING OF PLEADINGS DOES NOT COMPORT WITH THE PROCEDURAL OR SUBSTANTIVE REQUIREMENTS OF THE FIRST AMENDMENT AND COMMON LAW

8. A common law presumption of access also attaches to the record in a criminal proceeding. See Nixon v. Warner Communications, Inc., 435 U.S. 589(1978) (recognizing common law right "to inspect and copy public records and documents, including judicial records") (footnote omitted); In re Knight Publ'g Co., 743 F.2d 231 (4th Cir. 1984) (recognizing common law right of access to pre-trial motions in criminal proceedings); In re Nat'l Broad. Co., 653 F.2d 609(D.C. Cir. 1981) (public's "common law right to inspect and copy judicial records is indisputable" and both "'precious'" and "'fundamental'") (citations and footnotes omitted). The Court of Appeals has observed that the common law presumption of access can be rebutted only "if countervailing interests heavily outweigh

the public interests in access." Rushford, 846 F.2d at 253 "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."

9. The continued preemptory sealing of nearly all pleadings filed in this Court, without notice to the public and an opportunity to be heard on their sealing, and without entry by the Court on the public record of findings justifying the complete sealing of specific pleadings, does not comport with controlling procedural and substantive precedent. As a result, it violates both the First Amendment and the common law. Indeed, so far as the public docket reveals, no motion to seal any of the pleadings was filed or heard. Thus, the public has not had an opportunity to object and be heard as to their sealing. For this reason alone, regardless of the content of those pleadings, their continued sealing is facially invalid and must be modified after appropriate opportunity for the Intervenor and other interested members of the public to be heard. E.g., Rushford, 846 F.2d at 253; In re Time Inc., 182 F.3d at 271; see also In re Knight Publ'g Co., 743 F.2d at 235 ("district court's error was in giving too little weight to the presumption favoring access and making its decision to seal the documents without benefit of [petitioner's] arguments for access"). Further, the docket entries must reasonably reflect the nature of the pleading at issue so that the Intervenor have a meaningful opportunity to voice objection on behalf of themselves and the public. See In re Washington Post Co., 807 F.2d at 390 (requiring "adequate notice that the closure of a hearing or the sealing of documents may be ordered . . . 'so as to give the public and an opportunity to intervene and present their objections to the court.'") Although not wishing to make the Court's responsibilities in conducting these proceedings any more complicated than they already are, the Intervenor respectfully submit that it is error for the Court to seal those pleadings without considering the less drastic alternative of redaction. See, e.g., In re Knight Publ'g Co., 743 F.2d at 235. As for the other pleadings that remain sealed, the presumption is that, where they can be released in redacted form, they should be. Baltimore Sun v. Goetz, 886 F.2d 60(1989) (holding that district court should consider alternatives to sealing documents at issue in their entirety, a process that "ordinarily involves disclosing some of the documents or giving access to a redacted version."). A trial court is required to review each document sought to be sealed and to determine as to each such document that the asserted compelling interest in secrecy outweighs the public's right of access to it. Stone, 855 F.2d at 181 (trial court must weigh competing interests "with respect to each document sealed"); see also In re Time Inc , 182 F.3d at 271(where intervenors have moved for access to sealed documents, court is obliged to conduct in camera review of them and cannot order that they remain under seal without reviewing them). Because the Court is constitutionally required to review each pleading before ordering that it be maintained under seal, the Intervenor respectfully submit that such additional burden as may be imposed on the Court by redacting those portions that raise genuine concerns is not excessive. Such a task flows naturally from the Court's constitutional obligation to weigh the conflicting interests that are implicated whenever a party seeks to seal a document that forms part of the record of a criminal proceeding. Indeed, in In re State-Record Co., 917 F.2d 124(1990), the Court of Appeals considered the trial court's contention that "it did not have the time or the resources to accurately and fairly accomplish [the] task" of "selectively edit[ing] public documents to excise potentially prejudicial and improper material." There, new organizations had sought relief from an order sealing the record in a criminal prosecution. The Court of Appeals observed that the trial court's rationale was insufficient to meet its obligation under In re Charlotte Observer and In re Washington Post: "We certainly sympathize with the case load of the district court and the many demands upon its time, but without specific findings of fact we cannot adequately review closure orders." Boone v. City of Suffolk, 79 F. Supp. 2d

603(1999) (where, as here, "the right of access is grounded in the First Amendment, the burden, which falls on the one seeking confidentiality, is as rigorous as the burden for overcoming any other fundamental right").

### Other Case Law

Oregonian Publishing Co. v. United States Dist. Court, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 920 F.2d 1462 August 23, 1990 The Oregonian Publishing Company ("The Oregonian") petitions this court for a writ of mandamus to obtain access to various documents relating to a plea agreement filed under seal in the district court. Frank Riley Wolsky is a real party in interest in opposition to the writ. The United States is a real party in interest in favor of the writ. We grant the petition and issue the writ.

Kenna v. United States Dist. Court, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT 435 F.3d 1011 January 11, 2006 The rare exception involves cases where certain portions of the record are sealed. This can occur only in rare and exceptional circumstances for compelling reasons. Phoenix Newspapers, Inc. v. United States Dist. Court for the Dist. of Ariz. 156 F.3d 940(9th Cir. 1998).

Unabom Trial Media Coalition v. United States Dist. Court, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 183 F.3d 949 May 12, 1998 We reiterated the Brooklier rule in Phoenix Newspapers, holding that "if a court contemplates sealing a document or transcript, it must provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives [and] if objections are made, a hearing on the objections must be held as soon as possible." Phoenix Newspapers, 156 F.3d at 949.

In re Washington Post, 807 F.2d at 393 (vacating district court's sealing order because the court "cannot uphold orders based on the use of impermissible procedures"); Brooklier, 685 F.2d at 1167-68 (order closing hearings and sealing records unconstitutional because "the court excluded the public and press without satisfying the procedural prerequisites to closure").

Press-Enterprise Co. v. Superior Courts, 464 U.S. 501 (1984) ("Press Enterprise I") (vacating order closing pre-trial proceedings and sealing transcripts); U.S. v. Galloway, 937 F.2d 542 (10th Cir. 1991) (remanding where district court failed to adhere to mandatory sealing procedures); Associated Press v. U.S. Dist. Court, 705 F.2d 1143 (9th Cir. 1983) (reversing order sealing pretrial records).

Webster Groves School Dist. v. Pulitzer Pub. Co., 898 F.2d 1371 The Court in In re Search Warrant actually said, "As a final matter, we note that the district court docket sheets have been sealed, no doubt out of an abundance of caution. We think this was improper and so direct the district court to unseal the docket sheets."

Methodist Hosps. v. Sullivan, 91 F.3d 1026 To say that particular information is confidential is not to say that the entire document containing that information is confidential. Cases under the Freedom of Information Act stress that the confidential material should be redacted and the remainder of the document disclosed, in order to afford access to information in which the public is legitimately interested. The same principle, and for the same reason, applies to information created or turned up in litigation.

Doe v. Methacton Sch. Dist., 878 F. Supp. 40 1995 Because this Court's careful reading of the pleadings indicates that no more information relating to Doe has been revealed in the pleadings than in the newspaper articles published in conjunction with the criminal trial. Leucadia, 998 F.2d at 167 ("continued sealing must be based on 'current evidence to show how public dissemination of the

pertinent material now would cause the harm [they] claim[]'") We have balanced the interests on both sides of this issue and find that Plaintiffs have not met their burden of showing, with specific facts, that their interest in privacy outweighs the public's presumptive right to access. Accordingly, we order the Clerk of Court to unseal the record in this action. Our review of the record indicates that there is no need to redact any information in the record before the seal is removed.

UNITED STATES OF AMERICA v. ZACARIAS MOUSSAOUI a/k/a "Shaqil," a/k/a "Abu Khalid al Sahrawi," Defendant. Criminal No. 01-455-A UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION 2003 U.S. Dist. LEXIS 9457 June 2, 2003, Decided ORDER... Accordingly, it is hereby ORDERED that, as submitted by the United States, the redacted versions of pleadings, orders and memorandum opinions docketed as # s 488, 489, 580, 589, 596, 608, 617, 628, 629, 637, 639, 652, 661, 666, 681, 683, 688, 695, 700, 701, 702, 710, 711, 715, 717, 719, 735 and [*2] 785 be unsealed by the close of business on Tuesday, June 3, 2003. The Clerk is directed to forward copies of this Order to the defendant, pro se; counsel for the United States; standby defense counsel; and counsel for the Intervenors. Entered this 2nd day of June, 2003. Leonie M. Brinkema United States District Judge.

## CONCLUSION

For the foregoing reasons, the Intervenor respectfully requests that this Court enter an order granting his request for access and unsealing certain portions of the record herein, as follows:

(a) all the plea agreements filed under seal for all defendants unless the Court, on the government's motion or sua sponte, determines that compelling interests require that specific portions of said papers be placed under seal, in which case the Court will enter a written order in the public record identifying its findings and conclusions in this regard and placing in the public record those portions of the papers that are not properly subject to sealing.

(b) all those other pleadings filed that remain sealed, unless the Court, on the government's motion or sua sponte, determines that compelling interests require that specific portions of said papers be placed under seal, in which case the Court will enter a written order in the public record identifying its findings and conclusions in this regard and placing in the public record those portions of the papers that are not properly subject to sealing.

( c ) that the hearings be open to the public unless the Court, on the government's motion or sua sponte, determines that compelling interests require that specific hearings be closed to the public, in which case the Court will enter a written order in the public record identifying its findings and conclusions in this regard.

Respectfully submitted,

*Carl Starr 3-26-08*

Carl Starr, PO Box 1561, El Paso, Texas 79948 email: starrcarl@yahoo.com

I certify under penalty of perjury that the foregoing is true to the best of my knowledge.

*Carl Starr 3-26-08*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing has been mailed/hand deliverd to the U.S. Attorney on this 26th day of March 2008, no attorneys of record are listed in Pacer for defendants 1-7 thus service is made on the defendants c/o of the U.S. Attorney as the defendants are believed to be under the Governments custody/control as to their whereabouts. *Carl Starr 3-26-08*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

3:06-cr-01369-FM-1-7

UNITED STATES OF AMERICA

vs.

KETNER

CARL STARR
Movant-Intervenor.

## ORDER

The Court having considered the Intervenors Motion to Intervene hereby orders the Clerk to

unseal the following_____ or hereby sets the matter for hearing on _____ day of

April 2008 at ___ AM ____ PM.

Date_____

Judge_____